BROWN, *Appellant,* v. WELDON.

1. **Sale of Personal Property**: ACTION ON NOTE FOR PURCHASE PRICE : FAILURE OF CONSIDERATION. In an action on a note given for the purchase price of a chattel bought for a particular purpose, either upon an express or implied warranty, and with or without fraud, it is not necessary, to enable the purchaser to avail himself of the plea of failure of consideration, that he return or offer to return the article or offer to rescind the contract, or that such article be wholly worthless. (*Affirming* 27 Mo. App. 251.)

2. ———: ———: ———. If the purchaser retain the article and does not offer to return it, and it is not wholly worthless, the plea of failure of consideration is available to defeat a recovery on the note only to the extent of the difference between the represented and real value of the article.

3. ———: ———: ———: INSTRUCTION. An instruction in such case is erroneous which directs the jury to find for the defendant if they find the article was not of any value for the purpose for which defendant purchased it, although it was of some value for a different purpose.

*Certified from Kansas City Court of Appeals.*

JUDGMENT OF COURT OF APPEALS AFFIRMED.

*Crosby Johnson* for appellant.

(1) As the answer pleaded no tender, the evidence should have been confined to the issues. *Galbreath v. Moberly,* 80 Mo. 484. (2) A party can only recover or defend on the case made by his pleadings. *Moffatt v. Conklin,* 35 Mo. 453; *Glass v. Gelvin,* 80 Mo. 297. (3) Defendants could not rescind without restoring consideration. *Estes v. Reynolds,* 75 Mo. 563. (4) Right of rescissions must be promptly exercised. *Key v. Jennings,* 66 Mo. 356; *Estes v. Reynolds,* 75 Mo. 563. (5) Rescission as a defense must be specially pleaded. *Riggins v. Railroad,* 73 Mo. 598. (6) The measure of

damages for breach of warranty, or erroneous representations, is the difference between the actual value of the thing sold and its value if it had been as warranted or represented. 2 Schouler on P. P. [1 Ed.] 611, 615; *Courtney v. Roswell*, 65 Mo. 196; *Walls v. Gates*, 4 Mo. App. 1; *Morse v. Hutchins*, 102 Mass. 439; *Muller v. Eno*, 14 N. Y. 597; *Moulton v. Scruton*, 39 Me. 287; *Perley v. Balch*, 34 Am. Dec. 56; *Cooper v. Schlesinger*, 111 U. S. 148; *Weybieck v. Harris*, 31 Kan. 92; *Bassett v. Brown*, 105 Mass. 558; *Morse v. Brackett*, 98 Mass. 205. (7) A general warranty will not be held to apply to known and obvious defects. 2 Schouler's P. P. 350 [1 Ed.] and cases cited; *Thompson v. Botts*, 8 Mo. 710; *Lindsay v. Davis*, 30 Mo. 406. (8) The defendants having made their notes for the price of the jack, payable to Brown, are not entitled to a deduction because of any unsoundness of the jack. *Glascock v. Rand*, 14 Mo. 550; Daniel's Neg. Inst., sec. 176; *Smith v. Brown*, 63 Me. 139; *Aldrich v. Stockwell*, 9 Allen, 45. (9) The measure of damage for non-registry of the stallion was the cost of registration. *Douglass v. Stephens*, 18 Mo. 362; 2 Greenl. on Evi., sec. 261. (10) The measure of damages as to the alleged deceit is incorrectly stated. *Anslyn v. Frank*, 8 Mo. App. 242; *Schultz v. Christman*, 6 Mo. App. 338; *Stiles v. White*, 11 Metc. 356.

No brief for respondent.

BRACE, J.—In this case the judgment of the circuit court of Daviess county in favor of the defendants, on appeal to the Kansas City court of appeals, was reversed and the cause remanded. But one of the judges of said court of appeals being of the opinion that the decision of the majority of the court, rendered therein, is contrary to a previous decision of the supreme court, the cause was certified to this court under the

provisions of section 6 of the constitutional amendment of 1884. R. S. 1889, p. 88.

The case, fully reported in 27 Mo. App. 251, was carefully considered by the court of appeals and correctly decided, and we deem it necessary only to consider the point of difference between the majority and minority of the court as distinctly brought out in the first paragraph of Judge PHILIPS' opinion in which he says: "I cannot concur, in so much of the opinion of my associate, Judge HALL, as seeks to maintain that the instructions given for the defendants asserted error in directing a verdict for defendants, if the jury found from the evidence that the horse and jack were worthless for the purpose for which they were sold and bought, although they might be of some value for some other purpose." And, in support of the correctness of the proposition asserted by the instructions, cites *Barr v. Baker*, 9 Mo. 849; *Murphy v. Gay*, 37 Mo. 535, and *Compton v. Parsons*, 76 Mo. 455. The last two cases, so far as they are authority in this contention, rest upon the first; and the whole upon this expression in the opinion in *Barr v. Baker*, *supra:* "If the article which forms the consideration of the note be worthless, *for the purpose for which it was purchased*, the consideration has wholly failed, although it may be of some value for another purpose."

In that opinion it will be observed that having disposed of the instructions upon the first plea (that the note was obtained by fraud, covin and misrepresentation) which included one of plaintiff's instructions refused, the second, third and fourth given for the plaintiff and the second and fourth given for the defendants, the learned judge disposes of the other instructions in the last paragraph of the opinion thus: " The second ground of defense, to-wit, the failure of the consideration of the note, was properly placed before the jury by the other instructions given," the remainder

of the paragraph in which occurs the expression cited, and which is the cause of the present contention, is argument in support of this disposition of these instructions. Now what issue did these other instructions "properly place before the jury?" They are on behalf of the defendant.

"1. If they shall believe, from the evidence in the cause, that the note sued on was given by the defendants for the price of a jackass,. sold to the defendants by plaintiff's assignor, and that said jack *was wholly valueless*, they should find for defendants."

"5. If they shall believe that the jack sold *was wholly valueless*, no return or offer to return the jack was necessary in order to entitle the defendants to avail themselves of the defense of failure of consideration."

And on behalf of plaintiff.

"1. If the jury believe that the jack was the consideration of the note, and *was worth anything*, and that the defendant has failed to give notice of his defects in a reasonable time to the plaintiff or to return the same, then he is presumed to have acquiesced in the defect, and is not entitled to any deduction from the amount of the note."

By these instructions the jury could not possibly have found for defendant upon any other theory than that the jackass was *wholly worthless*. The remarks of the judge *arguendo*, "for the purpose for which it was purchased, although it may be of some value for another purpose," was outside the issue decided, and mere "*obiter dicta*," and ought not to be authority if incorrect in principle. The case was rightly decided, the instructions were based upon the evidence, that the jackass was worthless for breeding purposes; that that was the purpose for which he was bought, and that was the only purpose for which a jackass was worth anything.

In *Murphy v. Gay*, the court said: "The evidence tended to show the pipe was defectively made, unfit for

the uses for which it was ordered, and worthless for any purpose but old iron," which is but another form of saying that the pipe was of no appreciable value for any purpose. The case of *Barr v. Baker* is cited in that opinion in support only of the proposition that, in order to maintain the defense of failure of consideration, the defendant was not "bound to return, or offer to return, the goods at all." To the same purpose is *Murphy v. Gay* cited in *Compton v. Parsons;* and while in this latter case the remark is made that, "if the 'water drawer' was worthless for the purposes for which it was purchased, this was a valid defense as showing an entire failure of consideration, and this, whether defendant returned or offered to return the machine or not, or failed to notify plaintiff of its worthlessness or not." This remark must be read in the light of the fact that the case was an action in a justice's court for the price of a patent device to water stock, and that if it was worthless for that purpose it is not conceivable that it would have any appreciable value for any other purpose.

In view of the actual points decided in these cases considered in connection with the other authorities cited in the opinions delivered in this case, and the legislative provision for the defense of a total or partial failure of consideration in the practice act, this rule of law may be deduced, though not entirely reconcilable perhaps with the logic of either Judge HALL or Judge PHILIPS. That, while in an action upon a promissory note given for the purchase price of a chattel bought for a particular purpose, whether upon an express or implied warranty, with or without fraud, it is not necessary that the purchaser should return the article or offer to return it, or to rescind the contract, or that such article should be wholly worthless, in order that he may avail himself of his plea of a failure of consideration. Yet, if he retains the article and does not

offer to return it, and such article is not wholly worthless, such plea can avail him only so far as to defeat a recovery on the note to the extent of the difference between the value of the article, had it been such as it was represented to be, and its value such as it is shown really to be. The *dicta* in *Barr v. Baker* ought not to stand in the way of the application of this just and reasonable rule to the plea of failure of consideration in cases like the one in hand. That it is sound in principle and consistent with legislation, and precedent, in this state, we think, is successfully maintained in the opinion of ELLISON, J.

It follows that, as an abstract proposition, the clause in the instructions given, wherein the jury were directed to find for the defendant, if they find that the horse and jack were not of any value for the purpose for which defendant purchased them, although they may find such horse and jack were of some value for another and different purpose, must be condemned.

As the case must be reversed, in any event it would be superfluous to inquire whether, on the evidence, the error was of such a prejudical character as alone to furnish reversible error.

The judgment of the Kansas City court of appeals reversing the judgment of the circuit court of Daviess county is affirmed. All concur.