LAVOSIER SPENCE, Respondent, v. LUTHER R. CROW
*et al.*, Appellants.

St. Louis Court of Appeals, December 22, 1891.

**Practice, Appellate:** INSUFFICIENCY OF THE RECORD. In order to entitle an appellant to a reversal of the judgment appealed from, it must affirmatively appear that the trial court committed error prejudicial to him. And *held*, that this did not appear in this cause, since the record did not disclose what the evidence at the trial was, and the nature of the evidence could have been such as to warrant the rulings complained of.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.
VOL. 47—21

*Fagg & Ball*, for appellants.

*Clark & Dempsey* and *J. D. Hostetter*, for respondent.

(1) Appellants' objection to evidence cannot be held available here, for the reason that no specific grounds of exceptions were assigned and presented at the trial, nor are there any such objections set out in the bill of exceptions. *State v. Baker*, 36 Mo. App. 58 ; *Babb v. Curators*, 40 Mo. App. 173 ; *Peck v Chouteau*, 91 Mo. 138 ; *Shelton v. Durham*, 76 Mo. 434 ; *Allen v. Mansfield*, 82 Mo. 688. Even if the question as to this evidence could be considered here, there is no doubt about its being competent upon cross-examination for the purpose of showing the condition and value of the engine, etc., and of testing the good faith and honesty of the witnesses and ascertaining the extent of their knowledge of such matters. (2) Since the bill of exceptions shows the respondent presented evidence tending to prove the allegations of his petition, and there is none shown to the contrary, he is the only party who has any right to complain about the instructions. And, since there is no evidence preserved in the bill of exceptions except "evidence tending to prove the allegations contained in the petition in said cause," instructions relating to other evidence and theories cannot be considered. *State v. Vaughan*, 26 Mo. 29 ; *State v. Guyott*, 26 Mo. 62 ; *Brosius v. McGaugh*, 27 Mo. 230. The action of the trial court is presumed to be correct. *Davis v. Hilton*, 17 Mo. App. 319–322 ; *Pembroke v. Railroad*, 32 Mo. App. 61, 68, 69 ; *State v. Rogers*, 36 Mo. 138. (3) Appellants have no right to complain about instructions directing the attention of the jury to the engine, as instruction, numbered 2, set out in full above was given at their instance. *Reiley v. Railroad*, 94 Mo. 600 ; *Whitmore v. Supreme Lodge*, 100 Mo. 36–47 ; *Thorpe v. Railroad*, 89 Mo. 650.

THOMPSON, J.—This action is brought to recover the purchase price of a steam threshing machine, alleged to have been manufactured by the plaintiff and delivered to the defendants for the agreed price of $960. The answer pleads a breach of warranty, alleges that the machine was worthless, and claims $100 damages by way of counterclaim for freight paid and other costs. and expenses to which the defendants were put by reason of the premises. There was a trial before a jury and a verdict and judgment for the plaintiff in the sum of $621.50, but no finding as to the counterclaim. No point is made, however, upon this omission. The defendants appealed, and assigned substantially two errors : *First.* The admission of improper evidence. *Second.* Erroneous instructions given to the jury on motion of the plaintiff.

I. The bill of exceptions does not set out the evidence, but recites the ruling in admitting evidence which is complained of in this way : "The plaintiff, to sustain his cause of action against defendants, offered evidence tending to prove the allegations contained in the petition in said cause; and the court permitted witnesses of defendants, on cross-examination by plaintiff's attorney, to testify as to the amount of money which it would take to put the machine in controversy in such condition as would be necessary to do the work represented and guaranteed by the contract between said parties in the purchase of the said machine ; to the introduction of which said testimony the defendant at the time objected and excepted, and still objects and excepts."

It is perceived, *first*, that no ground is stated for this objection to the evidence and, *second*, that we do not know from the record to what these witnesses testified on their direct examination. We cannot, therefore, put the trial court in the wrong for making this ruling.

The testimony of these witnesses, on their direct examination, may have been such as to render such a course of cross-examination proper, with the view of ascertaining on what theory they may have based their estimate as to the difference in value between the machine as represented and the machine as it actually was. We cannot say, upon such a record, that the court in permitting such a line of cross-examination allowed the jury to adopt as the measure of damages what it would cost to repair the machine. Nor would such a rule of damages be improper in every conceivable case. Suppose, for instance, that the testimony on both sides had shown that the machine was perfect in every respect, except that the governor was worthless. Would not the real difference in value between the machine as represented, and the machine as it actually was, be the sum which it would cost to replace that part of the machine? Under the rule of the supreme court in *Brown v. Weldon*, 99 Mo. 564, the purchaser may plead failure of consideration to the extent of the difference between the real value and the represented value. This is not necessarily the *market* value, for there may be no market value,— there may be no market for the machine.

II. We have a difficulty in treating the rulings of the court in giving instructions, similar to that relating to the admission of evidence. The bill of exceptions directs the clerk to copy the instructions given for *both parties*, and then follow a number of instructions, the bill not stating for which party they were given. Several of them were manifestly given at the request of the defendants, and the ones which were given at the request of the plaintiff, and which are excepted to, are not pointed out by the form of the exception, which merely is that, to the giving of the instructions on behalf of the plaintiff, the defendant objected and excepted. One instruction, given at the request of the defendants, was omitted from the record entirely, and,

to save expense, the parties have stipulated as to the language of this instruction and that it was given at the request of the defendants. Several of these instructions put the case to the jury on a principle more favorable to the defendants than they had a right to demand under the ruling of the supreme court in *Brown v. Weldon, supra,* by telling them that, in case they should find that the machine was not as represented, the abatement in the purchase price should be the difference between its value *as an engine,* or *as an engine and appurtenance,* as represented by the plaintiff, and its value as an engine, or as an engine and appurtenance, as it actually turned out to be.

Criticisms are offered on some of the instructions, in that they direct the attention of the jury to the character of the engine itself, disconnected from the rest of the machinery. But the force of this objection disappears, when it is seen that the word "engine" is used in the answer of the defendants to designate the aggregate machine; when it is remembered that we have not the testimony before us, and do not know but that it was used in that sense throughout the testimony; and more especially in view of the fact that an instruction tendered by the defendants and given uses the word engine in the same sense, and propagates the same error, if such it be.

We must, therefore, conclude that the defendants have not shown that the court committed any error prejudicial to them, and we must affirm the judgment. It is so ordered. All the judges concur.

ROMBAUER, P. J. (*concurring*).—I concur in the disposition made of this case; but, in my opinion, some of the questions discussed do not properly arise upon this record. The bill of exceptions has not preserved any part of the evidence of the defendants, nor is there anything to show that any evidence was offered by them; hence instructions which were given, a‌ᶜ

applicable to any supposed defense, cannot be complained of by the defendants in this court. An appellate court cannot with propriety review the legal correctness of instructions, when the record contains no evidence whatever to support them.