O. F. JOHNSON, Appellant, v. JAMES L. SPROULL *et al.*, Respondents.

Kansas City Court of Appeals, May 16, 1892.

**Warranty:** WORTHLESS ARTICLE: RECOVERY OF PRICE. If an article prove worthless for the particular purpose for which it was ordered and intended by the vendor and vendee, and totally useless and worthless for any other purpose whatever, then no recovery can be had in an action for the purchase price; and so when flax seed were sold to be sowed with a view of raising a crop to be sold to the vendor, and they would not and did not grow under good husbandry, they failed entirely of the purpose for which they were sold, and the whole consideration for the promise to pay failed likewise, and no suit on the note given for the purchase money could be maintained.

*Appeal from the St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Johnson & Lucas,* for appellant.

The court erred in giving instruction, numbered 2, of its own motion. The term, sowing flax seed, does not imply or warrant that the seed will grow when sown. *Shisler v. Baxter,* 58 Am. Rep. 738.

*Gilbreath & Mann,* for respondents.

(1) Under the contract sued on, there was an implied warranty that the flax seed was to be fit for sowing and raising a crop, that is, that it would grow. *Shaw v. Smith,* 11 Law Rep. (annotated) 681, also reported in 45 Kan. 334. This is a Kansas case, and the suit was upon a flax-seed contract identical in its terms with the one in the case at bar. (2) Instruc-

tion, numbered 2, given by the court, properly declared the law and the whole law of this case. It is the well-settled law of this state, that if an article is of no value for the purpose for which it is purchased there is a failure of consideration, and no recovery can be had in a suit for the purchase price. *Barr v. Baker*, 9 Mo. 850; *Murphy v. Gay*, 37 Mo. 535; *Compton v. Parsons,* 76 Mo. 535; *Brown v. Weldon*, 99 Mo. 564; *Kerr v. Haymaker*, 20 Mo. App. 350; *Brown v. Weldon*, 27 Mo. App. 251.

GILL, J.—This action is based on the following instrument:

"MONTROSE, Mo., April 13, 1889.

"On or before the first day of September, 1889, I promise to pay to the order of O. F. Johnson, at Montrose, Missouri, $24, for value received, with interest after maturity at the rate of ten per cent. per annum until paid.

"This note is given in part consideration for the sale to me of sixteen bushels of sowing flax seed by O. F. Johnson, and, as a further consideration therefor, we agree to sow, harvest and stack the same in proper and careful manner, and deliver to O. F. Johnson at Montrose, on or before the first day of November, 1889, the whole crop of seed raised therefrom, at St. Louis market price, less twenty-three cents per bushel, for pure flax seed. Flax seed not pure to be graded, subject to the rules of the St. Louis Crushers' Association, and should we sell or trade, or attempt or offer to sell or trade such crop to any other person or persons than said O. F. Johnson, or order, then the note hereto attached shall immediately become due and payable, and said O. F. Johnson or his assigns are hereby authorized to enter any building or premises without any legal process whatever, and seize and remove such

crop wheresoever (and in whosoever possession) the same may be found, and to pay me the balance upon demand, after the amount due on said note has been deducted, together with all costs and expenses incurred where seizure is necessary.

"[Signed]                          J. L. SPROULL,
                                  "F. I. SPROULL."

The defense was failure of consideration; that the flax seed, though carefully planted in good ground, well prepared, failed to germinate, and were, therefore, entirely worthless for the purpose for which they were purchased.    The evidence for the defendants fully sustained the defense thus relied on.    The judgment below was for defendants, and the plaintiff appealed.

The principal complaint here seems to be directed to the instruction, numbered 2, given by the court of its own motion. It reads: "On the pleadings and evidence your finding will be for the plaintiff, for the amount specified in the contract, $24, with interest from September 1, 1889, at ten per cent. per annum, unless you believe from the evidence that the flax seed for which defendants agreed to pay said amount was worthless for 'sowing purposes,' in which case your verdict will be for the defendants."

It is the well-settled law of this state, that if an article shall prove wholly worthless for the particular purpose for which it was ordered and intended by the vendor and vendee, and totally useless and worthless for any purpose whatever, then no recovery can be had in an action for the purchase price.

Clearly now, these flax seed were sold by the plaintiff to the defendants for use in a particular way, to-wit, to be sowed or planted with a view of raising a crop, which, when harvested, were contracted to be sold to the plaintiff.    If the seed would not and did not grow when planted and treated as good husbandry would

demand, then they entirely failed of the purpose for which they were sold, and the whole consideration for the promise to pay likewise failed; and no suit on the note given for the purchase money could be maintained. There was, on the part of plaintiff, an implied warranty that the seed were of a kind that would grow. *Barr v. Baker*, 9 Mo. 850; *Compton v. Parsons*, 76 Mo. 455; *Brown v. Weldon*, 27 Mo. App. 251; s. c., 99 Mo. 564; *Shaw v. Smith*, 45 Kan. 334.

The case last cited is "on all fours" with the case at bar; is an action on a contract of the identical form we have here. We are then of the opinion that the court's instruction above quoted was a correct declaration of the law applicable to this case.

The judgment was for the right party, and is affirmed. All concur.