J. E. BALES, Plaintiff in Error, v. C. H. HEER, Defendant in Error.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Justices' Courts: PROMISSORY NOTES: FAILURE OF CONSIDERATION: PLEADING.** In an action in a justice's court on promissory notes, the defendant may show a failure of consideration by reason of fraud perpetrated in the transaction out of which the notes grew, and he does not have to set up such defense by way of counterclaim.

2. **Promissory Notes: FAILURE OF CONSIDERATION: INSTRUCTION.** Instructions relating to the defense of failure of consideration of the notes sued on are reviewed and found, when taken together, to be proper or the error, if any, harmless.

3. ———: ———: EVIDENCE. In an action on promissory notes, where the defense is a failure of consideration by reason of an overcharge in the price of the goods for a part of the purchase price of which the notes were given, the plaintiff can not reply by giving in evidence the facts that certain real estate taken by him for another portion of the purchase price was of less value than that agreed upon at the time of the transaction, since by his suit he affirms the whole transaction.

Error to Randolph Circuit Court.—*Hon. Jno. A. Hockaday, Judge.*

AFFIRMED.

*Geo. B. Strother* and *Frank F. Wood* for appellant.

(1) Defendant having been personally served before justice of the peace, the court erred in allowing any evidence to be introduced on behalf of the defendant—the defendant having failed to file a setoff or counterclaim. Stephens v. Barber Supply Co., 67 Mo. App. 587; West v. Freeman, 76 Mo. App. 96; Gantt v. Duffy, 71 Mo. App. 91; Comfort v. Lynam, 67 Mo. App. 668. (2) The plaintiff was also entitled to notice of any offset or counterclaim. Frisby v. Rittman, 66 Mo. App. 418; Hayden v. Maher, 67 Mo. App. 434. (3) The fifth instruction for defendant (based on Barr v. Baker, 9 Mo. 850), can not stand on any theory of the case. Brown v. Weldon, 99 Mo. 564. (4) The court erred in the exclusion of important evidence on behalf of plaintiff. Brown v. Weldon, 27 Mo. App. 252. (5) The verdict should be set aside as against the weight of the evidence. Bank v. Wood, 124 Mo. 76; Dean v. Fire Ass'n, 65 Mo. App. 209; Nordykee etc. v. Kehlor, 155 Mo. 643.

*Willard P. Cave* for defendant in error.

(1) No setoff or counterclaim was claimed by defendant in error. The defenses were want of consideration and fraud in the procurement of the notes sued on. Sec. 3852, R. S. 1899. (2) An appearance by defendant is equivalent to a plea of the general issue, and he may make any defense without a formal plea. Lewis v. Baker, 24 Mo. App. 682; Hornsby v. Stevens, 65 Mo. App. 185. And on a trial *de novo* in the circuit court the rule is the same. Sherman v. Rockwood, 26 Mo. App. 403; Ray v. Railroad, 25 Mo. App. 104; Loeffel v. Hoss, 11 Mo. App. 133. (3) Instruction No. 5 given on behalf of defendant, supplemented by instruction No. 5 given at the instance of plaintiff, correctly and fully declares the law. It is not reversible error when error, if it be error in instruction, is cured by other instructions in the case. Ostner v. Lynn, 57 Mo. App. 187; Sec. 865, R. S. 1899.

ELLISON, J.—This is an action begun before a justice of the peace to recover the money promised to be paid by two promissory notes of $227 each. The judgment in the trial court was for defendant.

The notes arose out of the purchase of a stock of goods, and the defense which defeated them was that plaintiff defrauded defendant in the sale by violating the contract of purchase. It seems that plaintiff purchased the stock of a party at Sweet Springs, Missouri. That it was removed by him to Kansas City. That by contract with defendant the goods were to be invoiced at wholesale prices. That they were to be paid for by defendant partly in real estate, partly in cash and partly by the notes in suit. Defendant charged that plaintiff deceived him and listed the goods at twenty per cent higher than the wholesale price, making a total difference between what he would have paid if invoiced as agreed and as they were actually invoiced, of much more than the total of the notes in suit. In other words, defendant contended that the notes were without consideration. In this connection plaintiff claims that defendant should have filed a counter-claim before the justice in order to a proper defense. We think not. The case arising before a justice of the peace, there were no written pleadings, but defendant's defense amounted merely to an assertion that he had already paid more than the goods were worth at contract price, and, therefore, owed nothing on notes which were given for a part of that price. The authorities cited by plaintiff's counsel are not, in our opinion, applicable to the facts. Neither do we find that the case of Brown v. Welden, 27 Mo. App. 267, s. c., 99 Mo. 564, is in point for plaintiff. It was there held that when a party purchases property for a specific purpose which is worthless for that purpose, but is of value for other purposes, he can not defeat the *whole* contract price and yet keep the property. In this case, as stated before, the defendant claims that he owes nothing on

the notes for the reason that he has already paid more for the goods than he should have paid under the contract.

We have examined the instructions which have been preserved in the record (some seem to have been misplaced) and find that with the exception of number five given for defendant they are not open to criticism. That instruction taken alone and disconnected from the entire series as asked by each party, would countenance the idea that although the notes were given in part payment of a stock of goods, yet if there was fraud in the price as above mentioned, then there could be no recovery. It was not stated that the fraud in price must have equalled the amount of the notes. Standing alone it might be supposed that defendant could defeat the entire amount of the notes when he had not been defrauded to that extent. But if we read the instruction in connection with the one just preceding it in the record and with No. 5 given for plaintiff, we readily see that the jury could not have thought they could find against all of both notes, even though the fraud in price did not equal the notes. Furthermore, the instruction was harmless in view of the fact that if defendant's theory of a change made in the price is to be believed (and we must now accept it as true, since the jury so found), the fraud thus practiced necessarily amounted to more than the notes.

The plaintiff also makes the point that the verdict was against the great preponderance of the evidence. We are, however, satisfied that there was sufficient testimony tending to prove defendant's theory to sustain the verdict.

Plaintiff likewise complains of the action of the court in excluding his offer to show that the real estate which he got of defendant was not worth the price at which plaintiff took it of him. There was no foundation laid for such evidence. There was no pretense that plaintiff had been defrauded (however much disappointed) in accepting the land. He could have known and must be held to have known the value of the land as well as the defendant.

It was stated, when offering the evidence, that since plaintiff had been allowed to show the goods were not put in at the price agreed, he should be allowed to show the land was of less value than agreed upon. But defendant's evidence is based on the idea that while the contract called for wholesale cost price of the goods, plaintiff fraudulently deceived him as to that price by changing it without his knowledge. The whole theory of plaintiff's case was that the trade was all right and that he was, therefore, entitled to recover the full amount of the notes. It would have been altogether improper, in the condition the case was presented to the trial court, to have allowed plaintiff to make the showing offered.

The case seems to have been closely contested, but we do not find ourselves authorized to overturn the judgment, and it is accordingly affirmed. All concur.