## JAY E. SMALL et al., Respondent, v. EDWIN L. BARTLETT et al., Appellants.

### St. Louis Court of Appeals, November 11, 1902.

1. **Vendee:** DAMAGES: WARRANTY: PRACTICE, TRIAL. If a vendee retains a purchased article and sues for damages for a breach of warranty in regard to its quality, he can not recover the entire purchase price unless the article is shown to have been worthless for any purpose.

2. **Evidence:** INSTRUCTION: PRACTICE, TRIAL: PRACTICE, APPELLATE. When the evidence in a case is such that different inferences in regard to what the facts actually were may be deduced, and no instruction or declarations of law were asked, an appellate court will not say the case was decided on an erroneous theory.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Wm. Wehrenbrecht* for appellants.

(1) Appellate courts will reverse the judgment in a case where the evidence of the successful party admits of only one inference, which is contrary to the verdict and judgment rendered. Ackley v. Stoehlin, 56 Mo. 558; Powell v. Railroad, 76 Mo. 80; Lenix v. Same, 76 Mo. 86. (2) That the corn was worthless is not supported by the evidence. Tower v. Pauley, 51 Mo. App. 75. (3) The purchaser's measure of damages for breach of warranty is the difference between the real value of the subject of warranty at the time of delivery and what it would have been worth at that time if it had corresponded with the warranty.    2 Sedg-

wick on Damages (8 Ed.), 471; Brown v. Weldon, 27 Mo. App. 251; Hayner v. Churchill, 29 Mo. App. 676.

*Joseph S. McIntyre* and *H. M. Dungan* for respondents.

(1) The court, sitting as a jury, found that the corn was wholly worthless and, hence, an offer to return was not necessary or required. There was a total and not a partial failure of consideration. It was held in Brown v. Weldon, 99 Mo. 564, that where the article purchased is wholly worthless the purchaser need not return or offer to return the article. (2) The proper measure of damages was the purchase price and freight charges with interest and the value of the horses lost. Respondents were entitled to be made whole. South Bend Pulley Co. v. Caldwell Co., 54 S. W. 12. The freight charge was a proper element of damage. Merkley v. Phillips, 53 S. W. 1037. (3) Where there is any evidence to support the finding of facts by the trial court, the appellate court will not disturb the judgment. James v. Loan Ass'n, 148 Mo. 16, with cases cited. (4) This being an action at law and tried by the court without a jury and no instructions having been asked or given, there is nothing before this court for review. Weilandy v. Lemuel, 47 Mo. 322; Bozarth v. Lincoln, L. of H., 67 S. W. 679; Wischmeyer v. Richardson, 153 Mo. 556.

GOODE, J.—Plaintiff sued to recover damages for the breach of an implied warranty of the defendants in the sale of a car of corn. Plaintiffs were in the transfer business in Mayfield, Kentucky, and bought the corn through an agent of the defendants at that point, the defendants themselves having purchased it by sample in the St. Louis market.

According to the testimony, the corn consisted of grains of different colors, red, white and blue, so that its bad condition was not discoverable by casual inspection, and, therefore, was not detected until a few

weeks after its receipt, when some horses to which it was fed sickened and died. Plaintiffs notified the agent through whom they had purchased and asked him to look at the corn, but he declined to do so, but wrote defendants about it, who, it appears, took the position that the corn was all right. It was then put into a loft, a small quantity afterwards fed to some hogs to get rid of it, plaintiffs say, and the balance was consumed by a fire which destroyed the building where it was stored.

Plaintiffs had judgment below and defendants appealed.

This case is before us with the record in such a shape that it is impossible to satisfactorily deal with the points made by the appellants, because no declaration of law was asked by either side, nor was there any finding of facts.

The trial seems to have proceeded on the theory that if the corn was worthless for the purpose for which it was sold, namely, horse feed, plaintiffs were entitled to recover the price paid whether it was valueless for all purposes or not, a theory long since and often repudiated by the courts of this State. Brown v. Weldon, 27 Mo. App. (K. C.) 251, 99 Mo. 564; Schoenberg v. Loker, 88 Mo. App. (St. L.) 387. But neither that rule nor any other was declared, and both sides state in their briefs that the trial judge found the corn was absolutely worthless; a statement, by the way, not borne out by the memorandum of an opinion delivered by him in overruling the motion for new trial, which, however, has not been made part of the record. We are asked to reverse the judgment on the ground that there was no evidence to justify that finding, and in support of the position the defendants rely on the fact that part of the corn was fed to hogs. But we are unable to say there was no substantial evidence to prove the corn was worthless. That inference might well be drawn, as some witnesses testified that it was rotten and others that it was partly rotten. It killed

two horses and made others sick, and may have been practically without value though hogs could eat it.

The law is that if a vendee retains a purchased article and sues for damages for a breach of warranty in regard to its quality, he can not recover the entire purchase price, as the plaintiffs did, unless the article is shown to have been worthless, not merely for the purpose for which it was bought, but for any purpose.

Inasmuch as the evidence permits different inferences respecting whether the corn was totally worthless, the judgment is affirmed. *Bland, P. J.*, and *Barclay, J.*, concur.