MORRIS A. HEIMANN, Appellant, v. THE HATCHER MERCANTILE CO., Respondent.

Kansas City Court of Appeals, February 15, 1904.

SALES: Payment: Failure to Return. Though goods do not comply with specifications of the order and are worthless for the purpose for which they were purchased yet, unless they are of no value for any purpose, the purchaser can not retain them when requested to return and at the same time be excused from paying for them.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*Shannon & Shannon* for appellant.

(1) The defendants received, retained and used the cases, and are therefore liable for the reasonable value of them. Brown v. Weldon, 27 Mo. App. 251;

Heimann v. Hatcher Mercantile Co.

Brown v. Weldon, 99 Mo. 564; Moore v. Mfg. Co., 113 Mo. 98; Light & Heat Co. v. Doud, 47 Mo. App. 439; Keith v. Ridge, 146 Mo. 90; West v. Freeman, 76 Mo. App. 96; Halpin v. School Dist., 54 Mo. App. 371. (2) In this case defendants did not show a return, or offer of return, of the cases, or that they were worthless for any purpose. Therefore the judgment entirely defeating the plaintiff's claim was erroneous. Brown v. Weldon, supra; Fenwick v. Bowling, 50 Mo. App. 516; Thummel v. Dukes, 82 Mo. App. 53; Danforth v. Crookshanks, 68 Mo. App. 315. (3) The acts of the defendants constituted an acceptance of the cases. Benjamin on Sales (6 Am. Ed.), secs. 703 and 704, p. 688, and sec. 145, p. 135; Mfg. Co. v. Magee, 42 Mo. App. 307; Machine Co. v. Brady, 67 Mo. App. 292; Lee v. Saddlery Co., 38 Mo. App. 201. (4) The judgment should have been for plaintiff for full amount claimed. Shepherd v. Padgett, 91 Mo. App. 473.

*Thomas Dolan* for appellant.

(1) The parties may agree that in case of rejection, the buyer shall return the goods, but in the absence of such an agreement the buyer is under no obligation to return them. Notice to the seller that they are rejected is all that the law requires. Mechem on Sales, sec. 1402; Harvester Co. v. ——, 33 Minn. 32, 21 N. W. 846; Ventilator Co. v. Railroad, 69 Wis. 454; Harvester Co. v. Cochran, 64 Mich. 636; Gilson v. Vaile, 53 Vt. 476; Stone v. Torrey, 22 N. J. L. 190; Smally v. Hendrickson, 29 N. J. L. 371; Doane v. Dunham, 65 Ill. 512; Hunt v. Wyman, 100 Mo. 198; Gray v. Machine Co., 103 Ga. 115. (2) The question whether under all the circumstances, he (buyer) intended to waive his rights being a matter for the jury. Mechem on Sales, secs. 1393 and 1364. (3) Appellant in his first and second points refers to his *quantum meruit* count. Of course there can be no recovery, even on *quantum meruit, unless* there has been

a sale, and there can be no sale unless there has been an acceptance of the article to be sold, by the buyer. The title does not pass. This is expressly held in Schermerhorn Bros. Co. v. Herold, 81 Mo. App. 466; Gill v. Reed, 55 Mo. App. 426; Lovelace v. Stewart, 23 Mo. 348.

SMITH, P. J.—The defendants placed with the plaintiff an order for three showcases "that would shut out the dust and be reasonably air tight, neatly constructed and would be useful to them in displaying their goods, and would protect their goods so displayed from injury by air and dust." The plaintiff shipped to defendants at Joplin three showcases which were received, placed and used in their store in displaying their goods. The cases did not meet the specifications of the order for them. The defendants notified the plaintiff of this fact and that they would not accept them for that reason. The plaintiff thereupon wrote to them (defendants) to return the cases. The defendants then wrote the plaintiff that when they received the cases bought they would return those received.

The contract price of the cases ordered was thirty-two dollars each. The plaintiff brought his action for breach of the contract and on *quantum meruit*. The cause was submitted to the court without a jury. There were no instructions requested or given. The finding and judgment was for the defendants and plaintiff filed a motion to set same aside on the ground that it was against the evidence, etc.

The defendants were not required to accept the showcases, still, if they did not return, or offer to return them within a reasonable time after they were worthless for the purpose for which they were purchased, they could not plead a total failure of consideration when sued for the contract price unless they were totally valueless for any purpose. It is in effect conceded that the cases were received, set up and used by the defendants in their store and that they refused to return

them when requested so to do. The inference to be deduced from the undisputed facts is that the cases had a commercial value, but just what was not shown.

We are not aware of any rule of law that will justify the defendants in keeping the cases without paying anything for them. Though they did not come up to the specifications of the order, and though they were worthless for the purpose for which they were purchased, yet, unless they were of no value for any other purpose the defendants could not be permitted to retain them and yet be excused from making payment for them. Brown v. Weldon, 99 Mo. 564; Comings v. Leedy, 114 Mo. 478; Armstrong v. Johnson, 41 Mo. App. 254; Fenwick v. Bowling, 50 Mo. App. 516; Johnson v. Sproull, 50 Mo. App. 121.

In view of the undisputed facts and the law the finding of the court can not be approved and accordingly the judgment must be reversed and cause remanded. All concur.