Hart v. Handlin

---

THOMAS J. HART, Plaintiff in Error, *v.* J. B. HANDLIN, Defendant in Error.

1. *Contracts, rescission of, may be insisted upon, in what case.*—Where, in a contract of sale of land, the defect or diminution or incapacity in the property is large, and substantial compensation cannot be made, the purchaser may, in proper time and way, insist upon a rescission of the entire contract. But where the substance of the contract can be executed, it will stand, and the remedy of the purchaser is in the way of compensation.

2. *Contracts, right of rescission of, need not be insisted upon—May be insisted upon at what time.*—Where the purchaser has an undoubted right of rescission of his contract on discovery of the defect, he is not bound to exercise that right.

He can affirm the contract and look to the vendor for compensation. He has his election to affirm or rescind the contract; but he is bound to make that election at once, on discovering the existence of the defect. He is not at liberty to hesitate and delay, and wait for a future view of his convenience or the market value of the property, before determining the question of his affirmance or rescission of the contract.

### Error to First District Court.

The facts of the case sufficiently appear in the opinion of the court.

*Gordon & White,* for plaintiff in error.

I. The payment of the two notes mentioned in the answer of defendant is a condition precedent to the making of the deed of conveyance.

II. The answer does not negative the fact that the contract could be substantially complied with. (3 Pars. on Cont. 400.) Nor does the answer aver that a third party was using, or ever had or would use or assert the right to use, the pretended right of way on said stairs, or that the removal of the pretended right was essential to defendant. (Cassamajor v. Strode, 8 Eng. Ch. R. 201.)

III. The answer should have shown that defendant offered to retire from said contract in a reasonable time after he discovered the pretended defect in title. (Ferguson v. Sawyer, 1 Wood. & Min. 147–9; Hogart v. Scott, 4 Eng. Ch. R. 432; 5 *id.* 504; 2 Pars. on Cont. 780–2, and note *z.*)

IV. Defendant's answer does not set out facts to show that the pretended easement or right of way was such a damage to the building that he could not have been compensated in damages. The rule is, not to rescind a contract where compensation in damages can be made. (1 Blackst. R. 273–278; Bogart v. Bost, 3 Eng. Ch. R. 543; 2 Kent's Com. 471.) The answer does not set up the fact that it would have been out of defendant's power to have discovered the pretended defect in title if he had made the proper inquiry; and it was his duty to examine for himself, and not to have relied upon the representations of plaintiff. (Greeley v. Smith, 3 Sto. R. 659, 695, 696; Mason v. Crosby, 1 Wood. & Min. 352, 353; 2 Pars. on Cont., new ed., 769, 770, note; 3 *id.* 400, note, 402.)

V. The contract is only to be rescinded where a large portion of the estate cannot be conveyed or it would be inequitable to do so. (Jones v. Martin, 6 Eng. Ch. R. 68; Luckett v. Williamson, 31 Mo. 59.) A mere hardship or difficulty will not suffice to prevent a performance of a contract. (2 Pars. on Cont., new ed., 672.)

VI. The defendant should have averred in his answer that he not only bought, being ignorant of the right of way mentioned, but that plaintiff knew of the defect of title and failed to disclose it. (McFarland v. Carver, 34 Mo. 197.)

*Owens & Wood*, and *Ewing & Smith*, for defendant in error.

I. The answer is a good defense to the petition. It alleges fraud and a failure of consideration of the note. It sets up that, by the agreement of the parties, a good warrantee title was to be made upon the payment of the purchase money. Now, if it can be shown that the vendor, at the time of sale and at the time of the payment of the purchase money, was not seized of an indefeasible title to the realty bargained for, and cannot make a good title, then that is a good defense to the note, or to suit for the purchase money. (Pecan v. Chouteau, 13 Mo. 527.)

II. "An agreement to convey land by deed of general warranty amounts to an engagement that the party so agreeing has or will have an indefeasible title;" and if, in a suit for the purchase money, it can be shown that he has not such title, he can not recover, and under the proper allegations and proofs the contract may be rescinded. False representations, and inability on the part of plaintiff to make good the title, if proven, would be sufficient. (Luckett v. Williamson, 31 Mo. 54.)

III. This is an executory contract, and this defense may be maintained. (Taylor v. Johnson, 19 Texas, 251; Cooper v. Livingston, 19 *id.* 260; Hunt v. Reynolds, 20 *id.* 595; Hunt v. Blackburn, 20 *id.* 595; Littlefield v. Tinsley, 22 *id.* 259; Gibert v. Peteler, 38 Barb. N. Y. 488; Sugd. on Vendors, 210.)

IV. The defendant had the right to pay the purchase money and rely on his covenants for title, or to take steps to rescind the contract. (Reese v. Kink, 29 Ala. 406.)

12—VOL. XLIII.

Currier, Judge, delivered the opinion of the court.

The plaintiff sues to recover the sum due on a promissory note executed by the defendant. The answer admits the execution of the note, but for defense avers in substance that it was given in part payment of certain real estate in the town of California, which, as the answer alleges, the defendant was induced to buy upon the representation of the plaintiff that his title to the property was perfect and unencumbered; that the defendant, in ignorance of the facts, and relying upon the plaintiff's representations, made the purchase February 15, 1866, taking the plaintiff's title bond therefor, by which the plaintiff covenanted to give to the defendant a deed of general warranty on the payment of the purchase money in full; that $1,000 of the purchase money was paid down, and two notes of $1,000 each, payable in one and two years, were given for the balance, the note in suit being one of them; that the plaintiff's title was in fact at the time defective, and that it has since continued to be so defective, in this, that a third party had and still holds a right of way over the premises to a certain stairway, and over the stairway through a building on the premises; that the exclusive use of this stairway was the principal inducement to the purchase; that the consideration of the note in suit has therefore failed, and that he cannot be compensated in damages for the alleged injury. The answer concludes with a prayer for a decree rescinding the contract of purchase and canceling the notes, and for a reimbursement of the cash payment of $1,000.

It appears from the counter claim forming a part of the answer that the defendant entered into the possession and enjoyment of the premises March 10, 1866. When he first came to a knowledge of the existence of the alleged right of way does not appear, but it is alleged that the defendant has not been able to enjoy the exclusive control of the property because of it, which points to an interruption from the beginning. It is not stated that the defendant took any action whatever looking to a rescission of the contract till he came to file his answer in this cause.

That part of the defendant's answer relating to this defense

was stricken out by the Circuit Court upon the plaintiff's motion, and final judgment rendered in his favor for the amount of the note sued on. The defendant took the case to the District Court, where this judgment was reversed. The plaintiff brings it here by writ of error. We think the District Court was wrong in reversing the judgment of the Circuit Court. That part of the answer stricken out states no sufficient defense. The facts presented do not, in our view, make a case for a rescission of the contract of sale, as asked by the defendant. They do not show any inability on the part of the plaintiff to make good his contract, with the exception of this alleged right of way; and as to this there is nothing in the case which indicates, to our minds, that it is out of the range of adequate compensation. The rule on this subject is, that where the defect or diminution or incapacity is large, and substantial compensation cannot be made, as where there was a want of title to two hundred and nine acres in a purchase of six hundred and ninety-eight acres (7 Beav. 546), in such a case the purchaser may, in proper time and way, insist on a rescission of the entire contract. But where the substance of the contract can be executed, as in the case before us, it will stand, and the remedy of the purchaser is in the way of compensation. (See 3 Pars. on Cont. 400 ; Luckett v. Williamson, 31 Mo. 54.)

The answer, in its conclusion, alleges that the defendant can not be compensated in damages. But this is a conclusion to be drawn from the facts of the case, and the facts alleged do not sustain any such conclusion. But if the case was one in which the purchaser had undoubted right of rescission on discovery of the defect, he was not bound to exercise that right. He could do as he pleased about it. If he considered it for his interest to affirm the contract and look to the vendor for compensation, it was his right to do so. He had his election either to affirm or rescind the contract; but he was bound to make that election at once, on discovering the existence of the alleged right of way. He should then, on discovery of the encumbrance, have disaffirmed the contract. That was the time for him to have acted and taken his position. He was not at liberty to hesitate and delay, and wait for a future view of his own convenience or the market value of

the property, before determining the question of the affirmance or rescission of the contract. (2 Pars. on Cont. 780 ; 1 Den. 69 ; 4 Cond. Eng. Ch. 432 ; 5 *id*. 504.) According to the allegations of the defendant's answer, he did not have at any time the exclusive use and control of the stairs, because of the alleged right of way. He must therefore have known of the existence of such outstanding right. He nevertheless continued to hold and enjoy the property, from March 10, 1866, forward, till this suit was brought against him, without taking any action whatever, so far as appears, looking to a disaffirmance of the contract of purchase.

The judgment of the District Court reversing the judgment of the Circuit Court is reversed, and the judgment of the Circuit Court is affirmed. The other judges concur.