W. E. SINNAMON, Respondent, v. A. T. MOORE, Appellant.

Springfield Court of Appeals, January 8, 1912.

1. **SALES: Warranty of Soundness: Breach: Jury Question.** In an action on a promissory note the defendant filed a counterclaim to recover the money paid on purchase price for a mare and the expense of keeping her, alleging a breach of warranty of the soundness of the mare for which the note had been given as a part of the purchase price. The evidence is examined and *held* that the issue on the counterclaim was properly a question for the jury, the evidence being conflicting.

Sinnamon v. Moore.

2. ———: ———: ———: **Rescission: Instructions.** Where defendant counterclaimed on account of the breach of warranty of the soundness of a mare sold to him by the plaintiff, and sought to recover the purchase money paid and expense of keeping the mare on the theory of a rescission of the sale, instructions which allowed a recovery on the counterclaim, without an offer to return the mare in a reasonable time after the defendant had discovered she was defective or diseased, were properly refused.

3. ———: ———: **Caveat Emptor.** Where the purchaser could by reasonable examination have ascertained the defects or diseases of a mare sold to him, there can be no recovery on account of such defects, unless there was an express warranty against such defects relied upon by the defendant.

4. ———: ———: **Breach: Rescission: Fraud.** The purchaser of personal property under an executed contract has the right to rescind when the contract of warranty of soundness was breached, although there was no fraud in the transaction.

5. ———: ———: ———: **Knowledge of Vendor: Instructions.** Where defendant counterclaimed to recover the purchase money paid and expenses of keeping a mare sold by plaintiff on account of a breach of warranty of the soundness of the mare, the instruction given by the court on its own motion in a general way authorized a recovery if the mare was in fact unsound. But the defendant had requested an instruction specifially declaring the law that the liability of the plaintiff depended upon the warranty of soundness and not upon his knowledge of whether the mare was sound or unsound. *Held*, that the refusal of this instruction was error.

6. ———: ———: ———: **Rescission: Returning Goods.** In the case of sales of personal property with warranty, where the purchaser rescinds the sale and seeks to recover the price, the goods must have been returned or tendered to the seller within a reasonable time, unless they are worthless for any purpose and in such case it is not sufficient that they are worthless for the particular purpose for which they are sold.

7. **INSTRUCTIONS: Referring to Pleadings.** It is the duty of the court to instruct the jury what issues are raised by the pleadings and it is error to give an instruction which refers the jury to the pleadings to enable them to ascertain the issues.

8. ———: **Court Instructing on Whole Case: Omitting Issue.** The trial court is not required to prepare the instructions in civil cases, but where it does so and undertakes to instruct the jury as to all the issues a failure to instruct on all the issues would be error,

9. ————: **Confining to Pleadings.** Courts do not possess the power by instructions to change the issues made by the parties in their pleadings, either by enlarging or restricting their scope.

10. ————: **Sales: Waranty: Obvious Defects: Evidence.** Where there was no evidence of the fact that the mare sold was obviously unsound on the date of the sale, and no evidence that the vendor undertook unequivocally to warrant against obvious defects, it would be error to instruct the jury on these questions.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

REVERSED AND REMANDED.

*J. P. McCammon* for appellant.

(1) The mare was bought for a specific purpose. If she was not capable either of work or of breeding, there was an entire failure of consideration and defendant was entitled to rescind. Birdsall Co. v. Keyes, 99 Mo. App. 458; Conings v. Leedy, 114 Mo. 478; Buss v. Glass Co., 123 S. W. 949; Moore v. Koger, 113 Mo. App. 423, 87 S. W. 604; Barr v. Baker, 9 Mo. 494; Brown v. Weldon, 99 Mo. 564; Young v. Van Natta, 113 Mo. App. 550, 85 S. W. 123; Faust v. Koers, 111 Mo. App. 560, 86 S. W. 278. (2) Sinnamon having expressly warranted the mare to be sound and a good worker, could not escape liability, even if the defects had been obvious and known to Jones. June & Co. v. Falkinburg, 89 Mo. App. 571; Samuels v. Estate, 49 Mo. App. 10. (3) To make the defense of failure of consideration, as set up in the defendant's answer, the mare being able neither to work nor to raise colts, there being no other purpose conceivable to give her value, and she being therefore worthless, it was not necessary for defendant to have tendered her back to plaintiff, in a reasonable time after the purchase. Barr v. Baker, 9 Mo. 494; Brown v. Weldon, 99 Mo. 564; Palmer v. Reeves, 122 S. W. 1119; Johnson v.

Sproule, 50 Mo. App. 121; Danforth & Co. v. Crook-shanks, 68 Mo. App. 317. (4) The court erred in giving the instruction that "the burden is upon the defendant to establish the matters set up in his answer and counterclaim by a preponderance, etc." Grant v. Railroad, 25 Mo. App. 232; Remmler v. Shenuit, 15 Mo. App. 196; McGinness v. Railroad, 21 Mo. App. 414; Butcher v. Death, 15 Mo. 274; Commission Co. v. Hunter, 91 Mo. App. 337.

*Wm. A. Rathbun* for respondent.

(1) When a person purchases personal property and before purchasing inspects it, or has reasonable opportunities to inspect it, and fails to do so, then the purchaser takes the property at his own risk, unless the seller expressly warrants the quality of the commodity sold. Moore v. Koger, 113 Mo. App. 427; Hensley v. Baker, 10 Mo. 157; McNamee v. Cole, 134 Mo. App. 274. (2) Where a warranty is insisted on depending altogether or in part on oral proof, the question properly belongs to the jury, and if there is any evidence tending to establish the allegation, the court should submit the matter to the jury with such explanations as the facts in evidence might justify. Lindsay v. Davis, 30 Mo. 406; Matlock v. Myers, 64 Mo. 531; Foster v. Estate, 18 Vt. 180; Anthany v. Potts, 63 Mo. App. 517. (3) In an action for a breach of warranty, the measure of damages is, the difference in value between the article as sold and the article as warranted. Walls v. Gates, 6 Mo. App. 242; Brown v. Weldon, 27 Mo. App. 273, 99 Mo. 569.

NIXON, P. J.—This action was commenced in a justice's court wherein defendant prevailed and plaintiff appealed. On trial in the circuit court, the plaintiff obtained judgment, whereupon the defendant appealed. The suit was upon a promissory note exe-

cuted by the defendant to the plaintiff for the sum of $80, the balance of the purchase price of a certain mare sold by the plaintiff to the defendant, the price being $100 of which the defendant paid $20 at the time of the purchase. The defense was that at the time of the sale of the mare the plaintiff represented and warranted her to be bred and absolutely sound; that the warranties were believed by the defendant and relied upon and that the mare was thereupon delivered to and received by the defendant as an executed sale. The defendant filed a counterclaim alleging that the mare at the time of the sale had a disease commonly known as the heaves to such an extent as to be worthless for work and required great care and attention, and that she became so affected with said disease that she was barren and utterly worthless for breeding purposes; that soon after defendant learned that she was diseased with the heaves and worthless for work, he tendered her to the plaintiff and rescinded the sale; that by reason of the diseased condition of the mare she was worthless for any purpose and that the defendant had expended for medicine and feed the sum of $83.50; that he paid $20 cash at the time of the purchase, making a total outlay of $123.50, for which he prayed judgment.

The case was tried in the circuit court upon the theory that the defendant had tendered the mare to the plaintiff and rescinded the sale. The evidence of the defendant tended to support the material allegations of his counterclaim. The evidence of the plaintiff tended to contradict the material allegations of the appellant's counterclaim. The matter was properly a question to be submitted to the jury.

The defendant asked and the court refused to give, among others, the following instructions:

"1. The court instructs the jury that if you believe from the evidence that the plaintiff at the time of the sale of the mare for which the note was given

represented that the said mare was sound and that defendant's agent relied on said representation, and if you further believe from the evidence that the said mare was not sound but had the heaves, then your verdict must be for the defendant."

"2. If you find from the evidence that the mare in question was represented by the plaintiff at the time of the sale to be sound and that the defendant's agent relied on such representation, and if you further find from the evidence that the said mare was of no value, then your verdict must be for the defendant for the amount of cash paid at the time, with interest thereon from date of tender of mare back plus such amounts as defendant paid for medicine and plus the reasonable value of defendant's services in taking care of and feeding said mare up to December 20, 1910."

"5. If the jury find from the evidence that the mare in question was represented and sold to defendant as sound and a good worker which representations were relied on by defendant, when in fact she was not sound or from any cause could not bring a foal or be gotten in foal, or from any cause she was incapable of doing good work and was worthless, then your verdict must be for the defendant."

These instructions were properly refused. They allow a recovery without any tender of the mare or rescission of the sale, and without an offer, in such a case, to return the mare in a reasonable time after the party has discovered that she is defective or diseased, there can be no recovery. [Manley v. Crescent Novelty Mfg. Co., 103 Mo. App. 135, 77 S. W. 489; Hart v. Handlin, 43 Mo. 171; Viertel v. Smith, 55 Mo. App. 617.]

The defendant also asked and the court refused to give the following instruction:

"4. If the jury believe from the evidence that the mare in question was represented and sold to de-

fendant as sound and a good worker but in fact was not sound and was almost entirely incapable of doing work at the time of said sale and that the defendant relied on the representations so made and within a reasonable time offered to return her to plaintiff, then the plaintiff cannot recover and your verdict must be for the defendant.''

This instruction is also defective. There was evidence to show that the agent of the defendant examined the mare in question at the time of the purchase. If the defects complained of could have been ascertained by a reasonable examination, then no recovery could be had unless there was an express warranty against the defects relied upon by the defendant, and the instruction is defective in not requiring a finding of such facts.

The defendant also asked and the court refused to give the following instruction:

''3.    The court instructs the jury that in order for defendant to recover it is not necessary for him to prove that the plaintiff knew the mare in question had the heaves or was unsound at the time of the sale to defendant, but it is sufficient for him to show by the greater weight of the testimony: First, That she was represented to be sound and a good worker. Second, That she was not sound or not a good worker. And if you believe from the evidence that she was represented to be sound and a good worker when in fact she was not sound and could not be gotten with foal, or that she was not capable of doing good work, and that defendant relied upon such representations, then your verdict must be for the defendant, even though you should further find and believe from the evidence that the plaintiff did not know of her unsoundness, nor that she could not be gotten with foal, nor that she was incapable of good work.''

This instruction declared to the jury that if the mare was represented by plaintiff to be sound and a

good worker when in fact she was not sound and not a good worker and that the defendant relied upon such representation then the defendant was entitled to recover although the plaintiff did not know of such unsoundness. This instruction correctly declared the law that where a warranty is made of the soundness of a chattel sold, the liability of the warrantor depends upon the warranty and not upon his knowledge of whether the article is sound or unsound. In this state, unlike some other jurisdictions, the law governing sales of personal property is that a purchaser under an executed contract has the right to rescind when the contract of warranty of soundness is breached although there was no fraud in the transaction. [Russell v. Berkstresser, 77 Mo. 417, 428.] This would seem to be the sound doctrine. A breach of warranty relied upon is equally injurious to the purchaser whether the seller acted in good faith or bad faith.

It is true, the court gave the following instruction of its own motion:

"If you find and believe from the evidence in this case that plaintiff represented and pretended to defendant's agent Jones that the mare in question was sound, that is that she was not afflicted with any disease and that said agent Jones believed said representations to be true and was deceived thereby, and was, by said representations induced to purchase said mare and to give $20 in money and defendant's note for $80 for said mare, and if you further find and believe from the evidence that said representations were not true, but that in truth and in fact said mare was not sound but was afflicted with a disease commonly known as the heaves, and that her value was materially reduced by reason of having said disease and that defendant's agent Jones did not know that said mare was so afflicted at the time he purchased her, and that such disease was of such a nature that it would not be discov-

ered by a person of ordinary prudence upon such an examination as was made by said Jones, and if you further find from the evidence that as soon as defendant discovered that said mare was afflicted with said disease, or within a reasonable time thereafter, defendant through his agent offered to return said mare to plaintiff and that plaintiff refused to accept her, then you will find the issues in favor of the defendant Moore.''

This instruction in a general way authorized a recovery if the mare was in fact unsound; but the defendant was entitled to a specific instruction calling the attention of the jury to the facts stated in his refused instruction.

The court also gave the following instruction over defendant's objection:

''The burden is upon defendant to establish the matters set up in his answer and counterclaim by a preponderance or greater weight of the evidence and unless he has so established said matters by a preponderance or greater weight of the evidence, then your verdict will be for the plaintiff Sinnamon. By a preponderance or greater weight of the evidence is not meant a greater number of witnesses—but it means evidence which in your judgment is entitled to greater weight or credence.''

This instruction was as to the preponderance of the evidence and required the defendant ''to establish the matters set up in his answer and counterclaim by a preponderance or greater weight of the evidence.'' This instruction was faulty in referring the jury to the pleadings to ascertain what matters were stated therein. It is the duty of the court to instruct the jury what issues are raised by the pleadings and it should by its instructions advise the jury what issues are made by the pleadings and what facts are essential to be found by them, and the jury in this case should not have been referred to the plead-

ings to ascertain the issues and told that the defendant was to establish by a preponderance of the evidence the matters set up in his answer and counterclaim without the court informing the jury what those matters were. [Butcher v. Death, 15 Mo. 241, 274; Bambrick v. Bambrick Bros. Construction Co., 152 Mo. App. 69, 78, 132 S. W. 322; Jaff v. Railroad, 205 Mo. 450, 472, 103 S. W. 1026.]

In cases of sales of personal property with warranty, if the purchaser retains the article, he thereby affirms the sale, and if it is not wholly worthless, the plea of failure of consideration is available to defeat a recovery where the seller brings suit only to the extent of the difference between the represented and the real value of the article. Brown v. Weldon, 99 Mo. 564, 13 S. W. 342. But where the buyer rescinds the sale and seeks to recover the price, the goods must have been returned or tendered to the seller within a reasonable time unless they are worthless for any purpose, and in such case it is not sufficient that they are worthless for the particular purpose for which they were sold. [Brown v. Weldon, supra; Crenshaw v. Looker, 185 Mo. 375, 84 S. W. 885; 35 Cyc. 437.] A proper instruction should be given upon retrial, if asked by the defendant, upon this theory of the case, if there are facts in evidence to support it.

The appellant contends that the court erred in not instructing the jury as to the liability of plaintiff to defendant because of the barrenness of the mare purchased and her consequent worthlessness for breeding purposes. The trial court is not required to prepare the instructions in civil cases, but may do so. [Sec. 1987, R. S. 1909; The National Stamping and El. Works v. Wicks, 144 Mo. App. l. c. 258, 128 S. W. 775; Booker v. Railroad, 144 Mo. App. l. c. 292, 128 S. W. 1012.] The trial court in this case gave the instructions of its own motion and undertook to instruct

161 App.—12

Sinnamon v. Moore.

the jury as to all the issues arising in the case, and, having done so, was required to give proper instructions covering all the issues presented by the pleadings; and in such case, nondirection would be misdirection.

The only charge in appellant's counterclaim as to plaintiff's warranties and representations as to the mare's fitness for breeding purposes is: "That at the time of the sale of said mare she was represented and warranted by the plaintiff as having been bred and as being absolutely sound." The appellant admits in his pleading that she had been bred and that she lost her colt, but claims that by reason of losing her colt before foaling time she had become so affected as not to be able to bring a colt at all and was barren and utterly worthless for breeding purposes. The appellant's evidence showed that his agent, Ernest Jones, went out the morning of the sale and bought the mare from plaintiff for the appellant; that he asked the plaintiff if she was with foal who replied that he thought she was; that he had bred her but wouldn't guarantee her to be with foal. The appellant's damages by reason of any barrenness of the mare on account of the heaves would be covered by the warranty of soundness and was properly stated by the instruction given by the court. Appellant's counterclaim does not charge that plaintiff warranted the mare to be a good breeder and that she would raise colts, and barrenness of the mare not resulting from disease was not within the allegations of appellant's counterclaim and hence no instruction on that subject was required. Courts do not possess the power by instructions to change the issues made by the parties in their pleadings either by enlarging or restricting their scope. [Black v. Railway, 217 Mo. l. c. 685, 117 S. W. 1142.] Hence error was not committed by the court in not instructing specially as to plaintiff's liability by reason of the barrenness of the mare.

The appellant further insists that the trial court should have instructed the jury that if plaintiff expressly warranted the mare to be sound and a good worker, and if plaintiff clearly and unequivocally undertook to warrant against obvious defects, he would be liable for such defects. The evidence did not present such a question to the court or jury as there is no evidence of the fact that the mare was obviously unsound on the date of sale, nor is there any evidence that plaintiff undertook unequivocally to warrant against obvious defects. Hence an instruction on that subject would have been erroneous.

It follows from what has been said that the judgment must be reversed and the cause remanded, and it is so ordered. All concur.