Delma **HULSEY**, Plaintiff-Appellant,

v.

**CITY OF FLAT RIVER**, a Municipal
corporation, Defendant-
Respondent.

Delma **HULSEY**, Plaintiff-Respondent,

v.

**CITY OF FLAT RIVER**, Defendant-
Appellant.

Nos. 34713, 34710.

Missouri Court of Appeals,
St. Louis District, Division Two.

July 24, 1973.

Robert A. McIlrath, Flat River, for Delma Hulsey.

Roberts & Roberts, Farmington, for City of Flat River.

SMITH, Presiding Judge.

Plaintiff and defendant cross-appeal from a judgment based upon a jury verdict awarding plaintiff $1000 for damages sustained by her in a fall on defendant's sidewalk. Defendant contends that plaintiff failed to make a submissible case because (1) her knowledge of the condition was equal to defendant's; (2) she did not present evidence to establish that the defective condition of the sidewalk steps was the proximate cause of her fall; and (3) plaintiff was contributorily negligent as a matter of law. Plaintiff contends on her appeal that the judgment is inadequate.

■ Defendant relies upon business invitee cases to support its first contention that the city's duty is to maintain its sidewalk in a reasonably safe condition or to warn plaintiff of the dangerous condition. The city's duty is to maintain the sidewalk in a reasonably safe condition for the use of pedestrians, and we find no case that eliminates that duty if a warning is given. Plaintiff's knowledge of the dangerous condition does not affect defendant's duty or its negligence.

■ In a sidewalk case a plaintiff with knowledge of the defect is guilty of contributory negligence as a matter of law because of such knowledge only when the defect is so dangerous that no prudent person with knowledge of the defect would attempt to use the sidewalk. Blackburn v. Swift, 457 S.W.2d 805 (Mo.1970) [3]. We cannot say that the defect here was so dangerous that a prudent person would not use the sidewalk. Under these circumstances the question of plaintiff's contributory negligence was for the jury.

■ Plaintiff had just left her eye doctor and was walking home. She reached a point on the sidewalk where she had to descend two steps. The steps were concrete. Over the years the smooth finish concrete had worn away and the rough finish below was exposed. The step was "rough and jagged;" it had holes in it; it was of a pebbly nature; portions of the step were broken off; the front portion of the step was worn down, broken off, or rounded off; the entire step, except for a very small area at the extreme edge, was in this condition. Plaintiff, realizing the step was rough, turned sideways and "stepped down very careful." She fell when she stepped on the step and was unconscious afterward. Plaintiff was unable to recall whether she slipped, or whether her foot turned or twisted, or whether anything unusual happened to her foot. It must be conceded that evidence of what specifically caused plaintiff to fall is missing. Simply stated when she stepped down she fell.

Defendant contends that plaintiff has failed to establish that the concededly defective step was the cause of her fall.

Under the facts here we do not agree. The step was in a condition which could cause a person to fall. There was not a limited area of danger on the step; the entire usable area of the step could precipitate a fall. Plaintiff was aware of danger and was proceeding with great care. There is no indication of any other cause for the fall.

In Mott v. Kansas City, 60 S.W.2d 736 (Mo.App.1933), in a factual situation not unlike the one at bar the court stated:

" . . . In those cases there were other conditions present which might well have caused the fall, other than tripping over the edge of the sidewalk . . . and it was left to speculation as to whether the cause of the fall was that alleged in the petition or one of the other conditions. In the case at bar there was no explanation as to how deceased came to slip and fall, except the presence of the ice or snow and . . . the jury was not required to indulge in speculation in order to say which or to say that it was a combination of both." (l.c. 739).

See also Wand v. City of Shelbina, 420 S.W.2d 348 (Mo.1967).

A jury could infer, under all of the facts here, that plaintiff was caused to fall by the defective condition of the step.

■ Plaintiff sustained a fracture of her left wrist and numerous bruises. The record is silent about her age and her employment, if any. Her medical bills were $132.00. In Effinger v. Bank of St. Louis, 467 S.W.2d 291 (Mo.App.1971) [6], we said:

"Where the verdict has the approval of the trial court, it is conclusive on appeal unless it is so shockingly and grossly excessive or inadequate as to indicate

that the amount of the verdict is due to passion and prejudice."

We do not find this verdict shockingly inadequate.

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.